UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHYLLIS MANDERSON-DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| MF EXCHANGE 2 LLC, | ) |
| a Delaware Corporation, WESTFIELD | ) |
| PROPERTY MANAGEMENT LLC, | ) |
| a Delaware Corporation, | ) |
| FOX VALLEY MALL, LLC | ) |
| a Delaware Corporation, | ) |
| MACY'S RETAIL HOLDINGS, INC. | ) |
| a New York Corporation, | ) |
| | **)** |
| Defendants. | ) |

**COMPLAINT**

Plaintiff, PHYLLIS MANDERSON-DAVIS, by and through her attorney, James J. Macchitelli, complains against Defendants, MF EXCHANGE 2 LLC, a Delaware Corporation, WESTFIELD PROPERTY MANAGEMENT LLC, a Delaware Corporation, FOX VALLEY MALL, LLC, a Delaware Corporation, MACY'S RETAIL HOLDINGS, INC, a New York Corporation, as follows:

**Introduction**

1.  Plaintiff, PHYLLIS MANDERSON-DAVIS, individually and on behalf of all other individuals similarly situated, ("Plaintiff"), hereby sues the Defendants, MF EXCHANGE 2 LLC, a Delaware Corporation, WESTFIELD PROPERTY MANAGEMENT LLC, a Delaware Corporation, FOX VALLEY MALL, LLC, a Delaware Corporation, MACY'S RETAIL HOLDINGS, INC, a New York Corporation, ("Defendants"), for damages from Plaintiff's

injuries, injunctive relief, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seg*. ("ADA") and Illinois' common law negligence.

### Jurisdiction and Venue

2. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has original jurisdiction over actions which arise from Defendants' violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. §2201 and §2202. In addition, pursuant to 28 U.S.C. § 1367, attendant and related causes of action, arising from same nucleus of operative facts and arising out of same transactions, are also brought under Illinois law.

3. Venue is properly located in the Eastern Division of Northern Illinois because venue lies in the judicial district of the property situs. The Defendants' property and business is located in and does business in Aurora, Illinois and thus within this judicial district.

### Parties

4. Plaintiff, PHYLLIS MANDERSON-DAVIS ("Manderson-Davis") is an individual and resident of Naperville, Illinois. Plaintiff qualifies as an individual with disabilities as defined by the ADA. Plaintiff has a valid handicapped placard to park in marked handicapped parking spots, distributed by the state of Illinois to those with proven disabilities.

5. On information and belief, Defendant, MF EXCHANGE 2 LLC, a Delaware Corporation, owned, operated, managed and/or maintained or had a duty to own, operate, manage and/or maintain, both individually and by and/or through its agents, servants and/or employees, a certain premises, Fox Valley Mall, located at or near Route 59 and New York Street, in Aurora, Will County, Illinois 60504.

6. On information and belief, Defendant, FOX VALLEY MALL, LLC, a Delaware Corporation, owned, operated, managed and/or maintained or had a duty to own, operate, manage

and/or maintain, both individually and by and/or through its agents, servants and/or employees, a certain premises, Fox Valley Mall, located at or near Route 59 and New York Street, in Aurora, Will County, Illinois 60504.

7. On information and belief, Defendant, WESTFIELD PROPERTY MANAGEMENT, LLC, a Delaware Corporation, owned, operated, managed and/or maintained or had a duty to own, operate, manage and/or maintain, both individually and by and/or through its agents, servants and/or employees, a certain premises, Fox Valley Mall, located at or near Route 59 and New York Street, in Aurora, Will County, Illinois 60504.

8. On information and belief, Defendant, MACY'S RETAIL HOLDINGS, INC, a New York Corporation, owned, operated, managed and/or maintained or had a duty to own, operate, manage and/or maintain, both individually and by and/or through his agents, servants and/or employees, a certain retail store known as "Macy's" which is located in the premises, Fox Valley Mall, located at or near Route 59 and New York Street, in Aurora, Will County, Illinois 60504.

9. Defendants, own; or lease; or lease to; or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. §36.403(e)(1). Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to is a shopping mall known as Fox Valley Mall, or a Macy's store inside the mall, located at or near Route 59 and New York Street, in Aurora, Will County, Illinois 60504.

10. Plaintiff has suffered and Plaintiff and others who are disabled like the Plaintiff will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA. Plaintiff was denied

the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendants' property equal to that afforded to other individuals.

## COUNT I

## DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)

11. Plaintiff hereby by reference incorporates paragraphs 1 through 10 as if they were fully set forth herein.

12. The Defendants discriminated against Plaintiff and shall continue to discriminate against Plaintiff and others who are disabled like the Plaintiff in violation of the ADA by failing to, inter alia, provide a continuous, unobstructed way of pedestrian passage from the handicapped parking spots in the parking lot to each entrance of the Defendants' mall and stores.

13. The Defendants discriminated against Plaintiff and shall continue to discriminate against Plaintiff and others who are disabled like the Plaintiff in violation of the ADA in that Defendants' agent has expressed a belief that Defendants are not responsible to remove existing snow and / or ice from its parking lot and from the handicapped parking areas.

14. Defendants have violated the ADA and these violations include, but are not limited to:

    a. Without removing the snow and / or ice from the handicapped parking spaces, there are accessible handicapped parking spaces located on the property that cause their to be no accessible, continuous, unobstructed way of pedestrian passage route from the parking lot to the mall and store entrances which violates 28 C.F.R. §36.403(e)(1) and this violation caused Plaintiff to fall to the ground.

  b. Without removing the snow and / or ice from the handicapped parking spaces, the Defendants refused to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is a customer of Defendants who needs to obtain access to Defendants' mall property to shop."

  c. Without removing the snow and / or ice from the handicapped parking spaces, the Defendants denied the Plaintiff the opportunity to shop at the Defendants' shopping mall and / or store as the Plaintiff is an otherwise qualified individual with a disability, and such denial is based on the need of Defendant to make reasonable accommodation to the physical or mental impairments of the Plaintiff shopper."

  d. There are no detectable warnings.

  15. The discriminatory violations described above are not an exclusive list of the Defendants' ADA violations. Plaintiff will require further inspection of the Defendants' place of public accommodation in order to provide all of the discriminatory acts violating the ADA and all of the barriers to access.

  16. The ADA addresses discrimination and seeks to ensure accessibility of public accommodations for disabled persons. See 42 U.S.C. § 12182(a) ("No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.").

17. Plaintiff seeks a declaratory judgment that Defendants violated the ADA; an injunction to prevent future discrimination and to provide such accommodations to protect others against an unreasonable risk of harm as are necessary and reasonable; punitive damages; compensatory damages; and attorneys' fees and costs.

18. The individual Plaintiff and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and activities of, the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.

19. The individual Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, Plaintiff requires a declaration that Defendants' have a duty to remove snow and ice from handicapped parking spots and to remove snow and ice to provide accessible, continuous, unobstructed way of disabled pedestrian passage route from the parking lot to the mall entrances and store entrances in order to be in compliance with the ADA.

20. Defendants have discriminated against Plaintiff by refusing to remove snow and ice from the handicapped parking spot where she slipped and fell to the ground and thus was denied her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. §36.403, *et seq.*

21. Furthermore, the Defendants continue to discriminate against Plaintiff and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services,

facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that maybe necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

22. Plaintiff is without adequate remedy at law and is suffering irreparable harm.

23. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. §12205 and 28 C.F.R. §36.505.

24. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by Defendants.

25. Plaintiff visited Fox Valley Mall and intended to shop at Macy's store on December 21, 2012, where she was severely injured because of dangerous violations of the ADA that existed in the handicapped parking area and the dangerous violations shall continue since Through and agent, Defendants have stated and expressed a belief that Defendants are not responsible to remove existing snow and / or ice from its parking lot and from the handicapped parking areas.

26. Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiff's Injunctive Relief including an order to alter Defendants to make those facilities readily accessible and useable to Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as Defendants cure its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against Defendants including an order to make facilities readily accessible to and usable by individuals with disabilities; all readily achievable alterations to the facility to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities;

c. an award of monetary damages to Plaintiff in an amount not to exceed $100,000.00;

d. civil penalty pursuant to 28 C.F.R. §36.504(a)(3) in the amount of $55,000.00.

e. an amount of reasonable attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 and 28 C.F.R. §36.505; and

f. such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## Count II

### Negligence - Premises Liability

27.     Plaintiff hereby by reference incorporates paragraphs 1 through 26 as if they were fully set forth herein.

28.     On December 21, 2012, Plaintiff was lawfully at Fox Valley Mall located in Aurora, Will County, Illinois and Plaintiff parked in the handicapped parking spot in the parking lot owned by or maintained by Defendants.

29.     Plaintiff is handicapped and qualifies as an individual with disabilities as defined by the ADA. Plaintiff has a valid handicapped placard to park in marked handicapped parking spots, distributed by the state of Illinois to those with proven disabilities. The handicapped placard was properly displayed on December 2, 2012.

30.     At all times relevant hereto, Defendants, individually and/or by and through their agents, servants and/or employees maintained the Fox Valley Mall parking area.

31.     On December 21, 2012, as Plaintiff was getting out of her automobile to begin walking to the mall's entrance and Macy's entrance, she was caused to slip and fall face first to the ground and to sustain severe and permanent injuries as a direct and proximate result of Defendants' failure to properly maintain the handicapped parking spots.

32.     Defendants had a duty to maintain Fox Valley Mall handicapped parking spots in a reasonably safe condition for disabled persons lawfully on said premises including Plaintiff and had a duty to maintain an accessible, continuous, unobstructed way of pedestrian passage route from the handicapped parking spots to the Fox Valley Mall entrances and store entrances.

33.     Defendants failed to keep the handicapped parking spots in a reasonably safe condition for disabled persons lawfully on said premises including Plaintiff and failed to

maintain an accessible, continuous, unobstructed way of pedestrian passage route from the handicapped parking spots to the Fox Valley Mall entrances and store entrances and as a result of the unsafe condition, Plaintiff fell to the ground severely hurting herself.

34. Defendants failed to act with reasonable care and were then and there guilty of the following careless and negligent acts and/or omissions:

    A. Improperly operated, managed, maintained and controlled Fox Valley Mall and Macy's in failing to properly keep the aforementioned handicapped parking spots in a safe and accessible, continuous, unobstructed way of pedestrian passage route from the handicapped parking spots to the Fox Valley Mall entrances and store entrances;

    B. Failed to use ordinary care to properly keep the aforementioned handicapped parking spots in a safe and accessible, continuous, unobstructed way of pedestrian passage route from the handicapped parking spots to the Fox Valley Mall entrances and store entrances;

    C. Failed to warn Plaintiff and other persons lawfully on said premises of the dangerous condition when Defendants knew or should have known in the exercise of ordinary care that said warning was necessary to prevent injury to Plaintiff;

    D. Allowed the aforementioned premises to remain in a dangerous condition, making the handicapped parking spots and the immediate adjacent areas unfit for passage by a handicapped person even after, upon information and belief, the Defendants knew by allowing snow and ice to remain the handicapped parking areas were dangerous and unsafe for use;

   E. Refused to follow the guidelines set out by the ADA; and

   F. Was otherwise careless and negligent in the operation of Fox Valley Mall and Macy's.

35. As a direct and proximate result of Defendants' failure as described in paragraph 34, Plaintiff suffered a broken nose, a severe lacerations, bruises, severe damage to her wrist, and other serious, painful, disabling and cosmetic injuries to Plaintiff's face, knees, legs and the bones, muscle, cartilage, tendons thereof.

36. As a direct and proximate result of Defendants' conduct as described herein, Plaintiff has suffered damages in the form of past and future medical expenses, pain and suffering including depression, anxiety, humiliation and mental anguish, scars on her face, and permanent loss of full use of Plaintiff's wrist, leaving Plaintiff permanently injured, disfigured and disabled.

WHEREFORE, Plaintiff, PHYLLIS MANDERSON-DAVIS, prays for judgment against Defendants for her damages in an amount that does not exceed $100,000.00, plus an amount for costs, and such other and further relief as this Court deems necessary and proper.

## JURY TRIAL DEMAND

37. Plaintiff requests a jury trial on all issues of fact and law.

              Respectfully submitted,

              /s/ James J. Macchitelli

James J. Macchitelli # 6208773
Attorney for Plaintiff
1051 Perimeter Drive, Suite 400
Schaumburg, Illinois 60173
Telephone: 847-414-4532
jimmymacc@aol.com