# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PHYLLIS MANDERSON-DAVIS, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MF EXCHANGE 2 LLC, ) <br> WESTFIELD PROPERTY MANAGEMENT, ) <br> LLC, a Delaware Corporation, ) <br> FOX VALLEY MALL, LLC, ) <br> a Delaware Corporation, MACY'S RETAIL ) <br> HOLDINGS, INC., ) <br> Defendants. ) | Case No. 14 cv 10238 <br><br> Judge Sharon Johnson Coleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff Phyllis Manderson-Davis filed her Complaint against defendants MF Exchange 2 LLC, Westfield Property Management LLC, Fox Valley Mall, LLC (collectively "Westfield"), and Macy's Retail Holdings, Inc. ("Macy's"), alleging defendants violated the Americans with Disabilities Act ("ADA") and were negligent. She seeks compensatory damages as well as injunctive and declaratory relief. Westfield filed their motion to dismiss Manderson-Davis' complaint [Dkt.9], which Macy's joined. [Dkt. 14.] For the reasons that follow, defendants' motion to dismiss is granted with prejudice as to Count I and without prejudice as to Count II.

**Background**

According to her complaint, on December 21, 2012, Manderson-Davis visited Fox Valley Mall to go shopping. She had a handicapped parking placard issued by the State of Illinois and parked in a designated handicapped parking space. When she exited her vehicle, she slipped and fell face first to the ground, sustaining severe injuries. Manderson-Davis alleges that she fell because defendants failed to remove snow and ice from the handicapped parking space. She also alleges that

defendants' agent stated that defendants are not responsible for removing naturally accumulating snow and ice.

Manderson-Davis brought suit against defendants alleging they violated Title III of the ADA (42 U.S.C. § 12181 *et seq.*) and were negligent in failing to remove snow and ice from the handicapped parking spaces. Defendants move to dismiss her complaint, contending the Court does not have subject matter jurisdiction and that the complaint fails to state a claim upon which relief can be granted.

**Legal Standard**

A court must dismiss any action which lacks subject matter jurisdiction. The party asserting jurisdiction has the burden of establishing it under Rule 12(b)(1). *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012) (en banc) ("burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction"). "On a motion to dismiss for lack of subject matter jurisdiction, the court is not bound to accept the truth of the allegations in the complaint, but may look beyond the complaint and the pleadings to evidence that calls the court's jurisdiction into doubt." *Bastien v. AT & T Wireless Servs., Inc.*, 205 F.3d 983, 990 (7th Cir. 2000).

However, when reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts alleged in the complaint and construes all reasonable inferences in favor of the nonmoving party. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Discussion**

*1. Americans with Disabilities Act*

The ADA provides a national mandate to eliminate discrimination against individuals with disabilities. *See* 42 U.S.C. § 12101(b)(1). Taking the allegations in her complaint as true, Manderson-Davis is a qualified individual with a disability. She is seeking a declaratory judgment that, in order to provide unobstructed accessibility from the parking lot to the mall's entrances, defendants have a duty to remove snow and ice from handicapped parking spots. She also seeks a judgment that defendants' failure to remove snow and ice violated the ADA and constitutes unlawful discrimination. Manderson-Davis next asks this Court to enjoin defendants from "future discrimination" and to provide accommodations by removing snow and ice. (Dkt. 1, ¶ 17.) Defendants argue that the natural accumulation of snow and ice is an inherently temporary condition that does not amount to unlawful discrimination and therefore is not appropriate for the declaratory and injunctive relief that Manderson-Davis seeks.

The Seventh Circuit has held that the ADA is not violated where a person with a disability is temporarily prevented from accessing facilities due to a temporary condition such as the natural accumulation of snow and ice. *See e.g., Foley v. City of Lafayette*, 359 F.3d 925, 930 (7th Cir. 2004) (holding the ADA was not violated where the plaintiff's path from a train platform was made impassable due to snow; citing Colorado state case *Pack v. Ark. Valley Corr. Facility*, 894 P.2d 34, 39 (Colo. Ct. App. 1995) to further illustrate the reasoning for this holding). Manderson-Davis' claims for declaratory judgment and injunctive relief fail because, as the Seventh Circuit concluded in *Foley*, the temporary accumulation of snow and ice at Fox Valley Mall does not amount to defendants' "willful [or] systematic effort" to deprive Manderson-Davis of the accommodation due her as a qualified individual with a disability. *Foley*, 359 F.3d at 931. Further, Illinois law provides that "property owners have no duty to remove natural accumulations of ice or snow from their

property," regardless of the length of time the accumulation has existed. *Krywin v. Chicago Transit Authority*, 938 N.E.2d 440, 449 (Ill. 2010). Defendants therefore had no duty under the ADA to remove naturally accumulating snow and ice, and Manderson-Davis cannot state a claim for discrimination on that basis. Furthermore the ADA does not create a private cause of action for compensatory damages. *See* 42 U.S.C. §§ 12181 *et seq*; *see also A.R. v. Kogan*, 964 F.Supp 269, 271 (N.D.Ill. 1997). Based on the statutory provisions and the applicable case law, she fails to state a claim upon which relief can be granted. Count I is dismissed with prejudice.

*2. Negligence*

Defendants contend that this Court should dismiss Count 2 of the complaint which alleges the defendants were negligent in failing to remove the snow and ice or warn her of the condition. Defendants correctly contend that negligence is a common law claim based on the laws of the state of Illinois, not the ADA. "A district court may decline to exercise supplemental jurisdiction over a state-law claim where it has dismissed all federal claims before trial." *Schor v. City of Chi.*, 576 F.3d 775, 779 (7th Cir. 2009); *see also* 28 U.S.C. § 1367(c)(3). Accordingly, the Court dismisses Count II of her complaint without prejudice.

**Conclusion**

For the reasons set forth above, defendants' motion to dismiss is granted with prejudice as to Count I and without prejudice as to Count II.

IT IS SO ORDERED.

_____
Date: July 16, 2015

_____
Sharon Johnson Coleman
United States District Judge

4